FILED - KZ
September 23. 2025 11:36 AM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems Scanned by EG 9/23

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF MICHIGAN

### KALAMAZOO DIVISION

CASE NO.: _____

HON. _____

**JERRY BRANN,**

**PLAINTIFF/PETITIONER,** Sui Juris

v.

**HOWARD TOWNSHIP;**

**STACEY A. RENFROW,** District Judge;

**CHRISTOPHER ROCKAFELLOW,**

Magistrate;

**MONICA McMICHAEL,** Court Clerk;

**SETH KOCHES,** Township Attorney;

**BETH MIDDLETON-POMPEY,** Zoning

Coordinator/Code Enforcement;

**LISA WITHERS,** Clerk-Magistrate;

1:25-cv-1140
Jane M. Beckering
U.S. District Judge

**PETITON FOR WRIT OF MANDAMUS**

2505001 HOW

CLERK MAGISTRATE
CHRISTOPHER Rockafellow

### PETITION FOR WRIT OF MANDAMUS

**(28 U.S.C. § 1361; 28 U.S.C. § 1331; 42 U.S.C. § 1983; U.S. Const. amends. IV, V & XIV)**

PETITON FOR WRIT OF MANDAMUS - 1

## I. INTRODUCTION

Petitioner **Jerry Brann,** sui juris, respectfully petitions this Court for a Writ of Mandamus, compelling Respondents to comply with their constitutional and statutory duties. Defendants conducted an unlawful search and seizure of Plaintiff's property, deprived him of due process in eviction and condemnation proceedings, and obstructed his appellate rights by refusing to provide certified records.    Because of this Fraud on Court, my  4th, 6th, and 14th Amendment rights have been violated.

Plaintiff has no other adequate remedy at law. Federal intervention is required to correct ongoing constitutional and procedural violations.

## II. JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to **28 U.S.C. § 1361,** which empowers federal courts to compel officers of state and local government to perform nondiscretionary duties.

2.  Jurisdiction also arises under **28 U.S.C. § 1331** (federal question) and **28 U.S.C. § 1343(a)(3)-(4)** (civil rights enforcement).

3.  Venue is proper under **28 U.S.C. § 1391(b),** as the events occurred in Cass County, Michigan, within the Western District of Michigan.

PETITON FOR WRIT OF MANDAMUS - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III. PARTIES

4. **Petitioner, Jerry Brann,** resides at 1240 Leet Road, Niles, Michigan.

5. **Howard Township** is a Michigan municipal corporation.

6. **Judge Stacey A. Renfrow** was assigned to Plaintiff's case but did not preside.

7. **Magistrate Christopher Rockafellow** improperly presided in Judge Renfrow's stead.

8. **Court Clerk Monica McMichael** denied Plaintiff access to certified records.

9. **Attorney Seth Koches** represented Howard Township without filing a Notice of Appearance.

10. **Beth Middleton-Pompey,** Zoning Coordinator/Code Enforcement, prepared a defective affidavit for a warrant.

11. **Clerk-Magistrate Lisa Withers** improperly approved the affidavit without judicial review.

PETITON FOR WRIT OF MANDAMUS - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV. STATEMENT OF FACTS**

12. On or about **April 24, 2025,** Defendants, including Beth Middleton-Pompey
    and other code enforcement officials, entered Plaintiff's property at 1240 Leet
    Road, Niles, Michigan, citing alleged "horrible living conditions."

13. Plaintiff was shown an affidavit for an administrative search warrant signed
    by Middleton-Pompey but no actual warrant was produced at the time of the
    search. Plaintiff only obtained access to the affidavit after the search was
    completed.

14. This warrantless entry and search violated Plaintiff's **Fourth Amendment**
    rights against unlawful search and seizure.

15. Following the search, Defendants ordered Plaintiff to vacate the property
    within 24 hours. The property was condemned and boarded up.

16. The electric meter was seized, depriving Plaintiff of utilities for 45 days and
    making compliance with repair orders impossible.

17. As a result of the condemnation, Plaintiff's tenants—including three mentally
    challenged residents—were displaced and rendered homeless.

PETITON FOR WRIT OF MANDAMUS - 4

18. Magistrate Christopher Rockafellow presided over proceedings, despite the case being assigned to Judge Stacey A. Renfrow.

19. The order of condemnation and eviction lacked a proper judicial signature and court seal, violating procedural requirements.

20. Attorney Seth Koches represented Howard Township without filing a Notice of Appearance, in violation of **MCR 2.105(A).**

21. Plaintiff filed a motion to vacate based on these defects, which was ignored or denied.

22. Plaintiff requested a certified record of the case to pursue an appeal, but **Court Clerk Monica McMichael** refused, effectively blocking appellate review.

23. There was no summons, or complaint filed by Attorney Seth Koches.

24. Beth Middleton-Pompey had no statutory power to issue a citation. **(see exhibits)**

**V. CLAIM FOR MANDAMUS**

PETITON FOR WRIT OF MANDAMUS - 5

24. Plaintiff seeks a **Writ of Mandamus** compelling Defendants to:

a. Produce certified records of all documents, motions, orders, and filings related to the search,  condemnation, and proceedings;

b. Vacate the unlawful judgment and orders due to constitutional violations and improper procedures;

c. Correct procedural deficiencies, including:

i. the failure to file a Notice of Appearance by Defendant Koches;

ii. the lack of judicial signature and seal on orders;

iii. the improper substitution of a magistrate for the assigned judge;

d. Ensure Plaintiff's **due process** rights under the **U.S. Constitution** are respected.

## VI. LEGAL ARGUMENTS

### A. Federal Jurisdiction Over Constitutional Claims

25. This Court has jurisdiction under **28 U.S.C. § 1331**, as Plaintiff's claims arise under the **Fourth** and **Fourteenth Amendments**.

### B. Unlawful Search and Seizure – Fourth Amendment

26. **The Fourth Amendment** prohibits searches without a valid warrant supported by probable cause.

PETITON FOR WRIT OF MANDAMUS - 6

27. Plaintiff was not presented with a warrant prior to the search, violating settled precedent:

- *Katz v. United States,* 389 U.S. 347 (1967) (searches without valid warrants are per se unreasonable).

- *Mapp v. Ohio,* 367 U.S. 643 (1961) (exclusionary rule applies to state actions).

28. The subsequent seizure of Plaintiff's electric meter compounded the unlawful search by interfering with property rights and rendering compliance impossible.

**C. Due Process Violations – Fourteenth Amendment**

29. Due process requires notice and a hearing before eviction or condemnation.

- *Fuentes v. Shevin,* 407 U.S. 67 (1972) (notice and hearing required before property seizure).

- *Goldberg v. Kelly,* 397 U.S. 254 (1970) (due process mandates meaningful hearing before deprivation).

30. Plaintiff and his tenants were deprived of property and housing without an eviction hearing or meaningful opportunity to contest.

31. Denial of access to certified records prevented Plaintiff from pursuing appellate review, a core element of procedural due process.

**D. Procedural Defects in Michigan Court Proceedings**

32. **MCR 2.105(A)** requires attorneys to file a notice of appearance; Defendant Koches did not, rendering his participation invalid.

33. **MCR 2.602** requires judicial orders to be signed and sealed; the order in Plaintiff's case lacked both.

34. The improper substitution of a magistrate for the assigned judge exceeded jurisdictional authority and undermined judicial validity.

35. Collectively, these violations render the judgment void and necessitate mandamus relief.

**VII. RELIEF REQUESTED**

**WHEREFORE,** Plaintiff respectfully requests that this Court:

PETITON FOR WRIT OF MANDAMUS - 8

A. Issue a **Writ of Mandamus**, compelling Defendants to:

    1.  Provide the certified record of all filings, motions, and orders;

    2.  Vacate the unlawful condemnation and eviction orders;

    3.  Correct procedural defects, including proper notice of appearance, signatures, and judicial assignment;

    4.  Restore Plaintiff's ability to make repairs by reinstating utilities.

B. Declare that Defendants' conduct violated the **Fourth** and **Fourteenth Amendments.**

C. Award such other relief as the Court deems just and proper, including costs and fees under **42 U.S.C. § 1988.**

## VIII. CERTIFICATE OF SERVICE

I hereby certify that on [insert date], I served a copy of this Petition for Writ of Mandamus upon the Defendants/Respondents by [method of service].

PETITON FOR WRIT OF MANDAMUS - 9

1

Respectfully submitted,

2

3

Dated: _____

4

5

6    Jerry Brann, Sui Juris

7    1240 Leet Road

8    Niles, MI 49120

9
     [Phone]
10

11   [Email]

12   Dated this day of Month, year.

13

14                                        Jerry Brann, Sui Juris

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     PETITON FOR WRIT OF MANDAMUS - 10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies, that a true and correct copy of the foregoing was

served upon each party of record via regular mail this _____9-19-25_____ day of

_____.

Submitted by _____

STATE OF _Indiana_

County of _S.T. Joseph_

_Jerry W. Brown_

_____
Name(s) of Person(s)

DATE _09/19/2025_
Date

_Jared Holst_

Signature of Notary Public

_Jared Holst_

Printed Name of Notary Public

JARED HOLST
Notary Public, State of Indiana
St Joseph County
Commission Number NP0724085
My Commission Expires
December 12, 2027