UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY BRANN,

Plaintiff,

v.

TOWNSHIP OF HOWARD, *et al.,*

Defendants.

Case No. 1:25-cv-1140

Hon. Jane M. Beckering

______________________________/

**OPINION**

Plaintiff Jerry Brann commenced this action by filing a petition for writ of mandamus under 28 U.S.C. § 1361. (Pet., ECF No. 1.)

This matter is now before the Court on Defendants' motions to dismiss. (ECF Nos. 7, 12, 17.) All seven defendants have moved the Court to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b) either because the Court does not have subject-matter jurisdiction or because Plaintiff's allegations fail to state a claim on which relief may be granted. For the reasons set forth below, the Court will grant Defendants' motions to dismiss this action under Rule 12(b).

**Discussion**

**I. Factual Allegations**

Plaintiff sues Howard Township, 4th District Court Judge Stacey A. Renfrow, 4th District Court Magistrate Christopher Rockafellow, 43rd Circuit Court Clerk Monica McMichael, Howard Township Attorney Seth Koches, Zoning Coordinator Beth Middleton-Pompey, and 4th District Court Administrator & Magistrate Lisa Withers. (Pet., ECF No. 1, PageID.3.)

Plaintiff alleges that on April 24, 2025, "Defendants," including Defendant Middleton-Pompey, entered Plaintiff's property at 1240 Leet Road, Niles, Michigan. (*Id.*, PageID.4.) Plaintiff contends that the entry onto his property and search was "warrantless" and, thus, violated Plaintiff's Fourth Amendment rights. (*Id.*)

Following the search, "Defendants" ordered Plaintiff to vacate the property. (*Id.*) The property was condemned and boarded up. (*Id.*) The electric meter was seized, depriving Plaintiff of utilities and making compliance with repair orders impossible. (*Id.*) Plaintiff's tenants and Plaintiff were displaced and left homeless. (*Id.*)

Plaintiff states that Defendant Magistrate Rockafellow presided over the proceedings even though the case was assigned to Defendant Judge Renfrow. (*Id.*, PageID.5.) Plaintiff reports that the order of condemnation and eviction lacked a proper judicial signature and court seal in violation of state procedural requirements. (*Id.*) Plaintiff states that Defendant Township Attorney Koches represented Howard Township in the proceedings, but did not file a notice of appearance, thereby violating state procedural requirements. (*Id.*) Moreover, Plaintiff contends that Defendant Koches did not file a summons or complaint. (*Id.*) Plaintiff filed a motion to vacate the order based on these defects, but his motion was ignored or denied. (*Id.*)

Plaintiff asked Defendant Circuit Court Clerk McMichael for a certified copy of the record to permit him to pursue an appeal, but she refused. (*Id.*) Finally, Plaintiff contends that Defendant Middleton-Pompey had no statutory power to issue a citation. (*Id.*)

Based on the alleged procedural flaws, Plaintiff asks the Court to enter a writ of mandamus compelling Defendants to:

a. Produce certified records of all documents, motions, orders, and filings related to the search, condemnation, and proceedings;

b. Vacate the unlawful judgment and orders due to constitutional violations and improper procedures;

c. Correct procedural deficiencies, including:

i. the failure to file a Notice of Appearance by Defendant Koches;

ii. the lack of judicial signature and seal on orders;

iii. the improper substitution of a magistrate for the assigned judge;

d. Ensure Plaintiff's due process rights under the U.S. Constitution are respected.

(*Id.*, PageID.6.)

Plaintiff contends the entry onto his property violated his Fourth Amendment rights. (*Id.*, PageID.6–7.) Plaintiff claims that he was deprived of property without a hearing or a meaningful opportunity to be heard. (*Id.*, PageID.7–8.) Finally, Plaintiff states that failure to follow the State of Michigan's procedural requirements renders the judgment void. (*Id.*, PageID.8.)

In addition to the mandamus relief set forth above, Plaintiff also asks the Court to order Defendants to restore Plaintiff's ability to make repairs by reinstating utilities. (*Id.*, PageID.9.) Plaintiff also seeks a declaration that Defendants' past conduct violated his Fourth and Fourteenth Amendment rights. (*Id.*)

## II. *Rooker-Feldman* Bar

Defendants ask the Court to dismiss this action because it is outside the Court's subject-matter jurisdiction. "Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). Federal subject-matter jurisdiction "can never be waived or forfeited," *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012), and "courts are obligated to consider *sua sponte* whether they have such jurisdiction," *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). In this regard, Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even *sua sponte*, to dismiss any action over which it has no subject-matter jurisdiction").

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *T.M. v. Univ. of Md. Med. Sys., Corp.*, 146 S. Ct. 1739, 1743–44 (2026) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The Supreme Court explained the two bases of reasoning behind the doctrine as follows:

> The first is that, when plaintiffs "essentially invit[e] federal courts of first instance to review and reverse unfavorable state-court judgments," they are seeking an exercise of appellate jurisdiction. *See Exxon*, 544 U.S., at 283–284 (describing *Rooker* and *Feldman*). The second is that such "appellate jurisdiction to reverse or modify a state-court judgment is lodged, . . . by 28 U.S.C. § 1257, exclusively in this Court." 544 U.S., at 283. Federal district courts, by contrast, are "empowered to exercise [only] original, not appellate, jurisdiction." *Ibid*.

*T.M.*, 146 S. Ct. at 1747 (parallel citations omitted). The Sixth Circuit has described the *Rooker-Feldman* inquiry as "straightforward:"

> We look at the "source of the injury the plaintiff alleges in the federal complaint," and if the source is anything other than "the state-court judgment itself," then *Rooker-Feldman* does not apply. *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020); *see also id*. at 409 (Sutton, C.J., concurring) ("Absent a claim seeking review of a final state court judgment, a federal court tempted to dismiss a case under *Rooker-Feldman* should do one thing: Stop.").

*Kitchen v. Whitmer*, 106 F.4th 525, 535 (6th Cir. 2024). Applying that straightforward approach, because Plaintiff expressly seeks review of the state court judgment,[1] the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction.

The doctrine does not, however, necessarily sweep away the Court's subject-matter jurisdiction with regard to the entire complaint. "The *Rooker-Feldman* doctrine is properly applied on a claim-by-claim basis . . . ." *In re Isaacs*, 895 F.3d 904, 912 (6th Cir. 2018). In keeping with the narrow view of the doctrine espoused in *Exxon* and emphasized by Judge Sutton in his *VanderKodde* concurrence, one claim plainly barred by the doctrine is Plaintiff's claim seeking to vacate the 4th District Court's judgment.

But the Sixth Circuit has interpreted *Rooker-Feldm*an to be broader than just a pleading rule regarding the requested relief. In *RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380 (6th Cir. 2021), the panel explained that "the test is whether the plaintiff's injury stems from the state court judgment . . . . [Here, the plaintiff] would only prevail on its § 1983 claims or its constitutional claims if the state court were wrong, so the state court judgment is the source of the injury." *Id*. at 388 (citations omitted).

Similarly, here, Plaintiff could only prevail on his § 1983 claims if the state court were wrong. Accordingly, the Court concludes that Plaintiff's injury stems from the state court judgment, and, for that reason, this Court's review is barred by the *Rooker-Feldman* doctrine.

## III. Failure to State a Claim

In the alternative, Plaintiff has failed to state a claim on which relief may be granted. A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon

[1] Plaintiff invites the Court to enter a writ of mandamus to "vacate the unlawful judgment and orders due to constitutional violations and improper procedures." (Pet., ECF No. 1, PageID.6.)

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft*, 556 U.S. at 678 (internal citations omitted). Plaintiff's allegations, accepted as true and construed in a light most favorable to Plaintiff, do not "'nudge' his claim . . . 'across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 570).

**A. Mandamus Relief Under 28 U.S.C. 1361**

Section 1361 confers jurisdiction over mandamus actions to compel action by federal officials or employees, not state officials or employees. Federal courts have no authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Haggard v. Tennessee*, 421 F.2d 1384 (6th Cir. 1970). Therefore, Plaintiff has failed to state a mandamus claim against Defendants on which relief may be granted.

Plaintiff apparently concedes this point. In Plaintiff's response to the motions to dismiss, he asks the Court to recharacterize his mandamus claims as claims under 42 U.S.C. § 1983.

**B. Section 1983 Claims**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff contends that his Fourth and Fourteenth Amendment rights were violated.

**1. Defendants Renfrow, Rockafellow, Withers, and McMichael**

Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. That provision was added to the statute in 1996 as a legislative response to the Supreme Court's decision in *Pulliam v. Allen*, 466 U.S. 522 (1984). In *Pulliam*, the Supreme Court held that a judicial officer acting in his or her judicial capacity is not immune from actions under § 1983 seeking prospective injunctive relief. *Id*. at 541–42. The 1996 amendment effectively abrogated the *Pulliam* holding. *Ward v. City of Norwalk*, 640 F. App'x 462, 467 (6th Cir. 2016).

Plaintiff has not alleged that Defendants violated a declaratory decree or that declaratory relief was unavailable; therefore, Plaintiff's claims for prospective injunctive relief are barred by the statute. *Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 763 (8th Cir. 2019);

*see also Sharratt v. Braithewaite*, No. 24-4101, 2026 WL 1100879, at *4 n.8 (10th Cir. Apr. 23, 2026).

Plaintiff also seeks declaratory relief. The *Ward* panel concluded that such relief may survive the 1996 amendment to § 1983—but not in every case. *Ward*, 640 F. App'x at 468 (noting that declaratory judgment claims would only be actionable if they sought prospective relief and did not run afoul of abstention doctrines or the *Rooker-Feldman* doctrine). Plaintiff seeks a declaration that the judicial officer Defendants violated his constitutional rights in the past. Such a claim is retrospective and is not actionable against judicial officers under § 1983. *Id*.; *see also Larry E. Parrish P.C. v. Bennett,* 989 F.3d 452, 457 (6th Cir. 2021) ("explaining that a declaratory judgment claim is only actionable to the extent it sought prospective relief); *Bell v. Washington*, No. 22-2132, 2023 WL 6438597, at *3 (6th Cir. Sept. 29, 2023) ("[Plaintiff's] declaratory judgment claim against [the judicial officer] was not actionable because no prospective relief was sought."); *Barnaby v. Mayfield*, No. 20-1564, 2021 WL 2470304, at *1 (6th Cir. May 5, 2021) (noting that where the plaintiff sought only a declaration "as to whether its constitutional rights had been violated" there was no justiciable controversy).

Defendant Judge Renfrow is obviously a judicial officer as contemplated by § 1983. Defendant Magistrates Rockafellow and Withers are also judicial officers. *See, e.g., Riser v. Schneider*, 37 F. App'x 763 (6th Cir. 2002) (applying judicial immunity to state court magistrate); *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001) (finding that a magistrate judge was entitled to judicial immunity); *Krajicek v. Justin*, No. 98-1249, 1999 WL 195734 (6th Cir. Mar. 23, 1999) (affirming dismissal of claims against state court magistrate on grounds of judicial immunity). Moreover, "clerks and administrators" acting as arms of the judge are entitled to the immunity of judicial officers. *Coleman v. Governor of Michigan*, 413 F. App'x 866, 873–74 (6th

Cir. 2011). Indeed, as the *Coleman* court concluded, those clerks and administrators were entitled to the protections against injunctive relief as "judicial officers" under 42 U.S.C. § 1983. *Id.*; *see also Ward*, 640 F. App'x at 467 (applying § 1983 injunctive relief protection for judicial officers to Judge Ridge and Clerk Boss); *Smiles v. Royster,* No. 18-1440, 2018 WL 4998196, at *3 (6th Cir. 2018) (applying § 1983 injunctive relief protection for judicial officers to Chief Clerk Royster and Deputy Clerk Meyer). Therefore, the Court concludes that Plaintiff has failed to state a § 1983 claim against Defendants Renfrow, Rockafellow, Withers, and McMichael on which relief may be granted.

**2. Defendant Howard Township**

"Under 42 U.S.C. § 1983, while a municipality can be held liable for a constitutional violation, there is no vicarious liability based on the acts of its employees alone." *Lipman v. Budish*, 974 F.3d 726, 747 (6th Cir. 2020) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). Instead, a municipality "can be sued under § 1983 only when a policy or custom of that government caused the injury in question." *Id*. (citations omitted). "[T]he finding of a policy or custom is the initial determination to be made in any municipal liability claim." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). Further, the policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005) (citing *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003)); *Claiborne Cnty.*, 103 F.3d at 508–09.

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the Sixth Circuit has explained that a custom "for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Claiborne*

*Cnty.*, 103 F.3d at 507. "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id*.

Here, Plaintiff makes no allegations regarding any Howard Township custom or policy that served as the moving force behind his alleged constitutional injury. *See Lipman*, 974 F.3d at 747. Therefore, Plaintiff has failed to state a § 1983 claim against Defendant Howard Township on which relief may be granted.

**3. Defendant Koches**

Plaintiff's allegations relating to Defendant Koches, in their entirety,[2] are as follows:

> ¶ 9. Attorney Seth Koches represented Howard Township without filing a Notice of Appearance.
>
> ¶ 20. Attorney Seth Koches represented Howard Township without filing a Notice of Appearance, in violation of MCR 2.105(A).
>
> ¶ 23. There was no summons, or complaint filed by Attorney Seth Koches.
>
> ¶ 32. MCR 2.105(A) requires attorneys to file a notice of appearance; Defendant Koches did not, rendering his participation invalid.

(Pet., ECF No. 1, PageID.3, 5, 8.) Defendant Koches acknowledges that he serves as Township Attorney for Howard Township. (Aff., ECF No. 17-1, PageID.141.) Defendant Koches acknowledges that he did not file an appearance—or summons or complaint, for that matter—in the proceedings of which Plaintiff complains. (*Id*.) Defendant Koches explains, however, that his

[2] Plaintiff alleges that "Defendants" as a group did certain things, such as enter Plaintiff's property and order Plaintiff to vacate the property. (Pet., ECF No. 1, PageID.4.) "Summary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). Accordingly, absent some other factual allegation to identify the "Defendants" to whom Plaintiff is referring, the Court does not construe such allegations to refer to any particular Defendant.

filing of an appearance, summons, or complaint was not necessary because he did not participate in the proceedings at all. (*Id.*)

Under the circumstances, Plaintiff fails to state a claim against Defendant Koches on two levels. First, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendant Koches failed to file documents purportedly required under state law, therefore, fails to state a claim under § 1983 upon which relief may be granted.

Second, accepting all of Plaintiff's factual allegations regarding Defendant Koches as true, they do not demonstrate that Defendant Koches is liable for any wrongdoing. The implicit premise of Plaintiff's claim against Defendant Koches is that the appearance, summons, and complaint were Defendant Koches's responsibility under the State of Michigan's statutes and rules. Even if Plaintiff had expressly stated that premise, the Court would not be compelled to accept the statement as true because it is a statement of law, not fact.[3] As Defendant Koches points out, state law regarding the subject proceedings does not require him to file any of the materials

[3] When resolving Defendants' dispositive motions, the Court must "accept all well-pleaded allegations in the plaintiff's complaint as true and view facts in the light most favorable to the plaintiff, [but the Court] 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Nugent v. Spectrum Juv. Just. Servs.*, 72 F.4th 135, 138 (6th Cir. 2023) (quoting *Bouye v. Bruce*, 61 F.4th 485, 489 (6th Cir. 2023)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation").

Plaintiff contends that he failed to file. Thus, Plaintiff has failed to state a § 1983 claim against Defendant Koches for that reason as well.

**4. Defendant Middleton-Pompey**

The crux of Plaintiff's claim against Defendant Middleton-Pompey is that she executed a flawed search warrant. Plaintiff attaches the warrant and supporting affidavit to his complaint. Although the Court's review is focused on the allegations in Plaintiff's complaint, the Court may consider documents that are attached to a pro se complaint when considering whether the complaint states a claim upon which relief should be granted. *See, e.g., Powell v. Messary*, 11 F. App'x 389, 390 (6th Cir. 2001) (affirming the Eastern District of Michigan District Court's consideration of the attachments to the plaintiff's complaint to determine that the plaintiff had received medical treatment and, therefore, failed to state a claim under the Eighth Amendment); *Hardy v. Sizer*, No. 16–1979, 2018 WL 3244002 (6th Cir. May 23, 2018) (affirming this Court's consideration of the plaintiff's complaint allegations and the documents attached to the complaint to support the determination that the plaintiff failed to state a claim); *Hogan v. Lucas*, No. 20–4260, 2022 WL 2118213, at *3 n.2 (6th Cir. May 20, 2022) (stating that "[b]ecause the documents attached to Hogan's complaint are referenced in the complaint and 'central to the claims contained therein,' they were properly considered at the § 1915(e)(2) screening stage" (citations omitted)). "When a document attached to the complaint contradicts the allegations, the document trumps the allegations . . . [if the] document . . . ' utterly discredit[s]' the allegations." *In re Flint Water Cases*, 960 F.3d 303, 329 (6th Cir. 2020).

That is the case here. The allegations that Plaintiff offers in his complaint regarding the warrant are contradicted by the documents he attaches to his complaint. Defendant Middleton-Pompey was authorized to enter the property pursuant to the warrant. The search was not

warrantless or unlawful based on Plaintiff's submissions. Accordingly, Plaintiff has failed to state a § 1983 claim against Defendant Middleton-Pompey on which relief may be granted.

## **Conclusion**

Upon consideration of the Defendants' motions to dismiss, the Court determines that the Court's review of Plaintiff's claims is barred by the *Rooker-Feldman* doctrine. In the alternative, the Court finds that Plaintiff's complaint fails to state any claim against any Defendant upon which relief may be granted. A Judgment consistent with this Opinion will be entered.

Dated: September 8, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge